UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNIVERSAL HANDICRAFT, INC.,           CASE NO.:

        Plaintiff,
vs.

PARFUMS CHRISTIAN DIOR, S.A.,

        Defendant.
_____/

**COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff, Universal Handicraft, Inc. ("Universal"), sues Defendant, Parfums Christian Dior, S.A. ("Dior"), and alleges:

**Nature of the Action**

1.  This is an action seeking a declaratory judgment under 28 U.S.C. §§2201 and 2202 that Universal's ADORE ORGANIC INNOVATION trademark is not confusingly similar with, and does not infringe, Dior's J'ADORE trademark.

**Jurisdiction and Venue**

2.  This action arises under the Trademark Laws of the United States, 15 U.S.C. §1051 *et seq.*, and the Federal Declaratory Relief Act, 28 U.S.C. §2201 *et seq.*

3.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, 1338, 2201 and 2202.

4.  This Court has personal jurisdiction over Dior pursuant to §48.193(2), Fla.Stat. (2012), because, upon information and belief, it has engaged in substantial and not isolated activity in the State of Florida, whether such activity is wholly interstate, intrastate, or otherwise.

1

5.	Upon information and belief, Dior's products are sold within this District, and products bearing Dior's trademark are systematically and continuously shipped into this District for sale to the consuming public.

6.	Venue is proper in this District pursuant to 28 U.S.C. §§1400 and 1391.

## The Parties

7.	Universal is a corporation organized and existing under the laws of the State of Florida with its principal place of business located in Miami, Florida.

8.	Upon information and belief, Dior is a corporation organized and existing under the laws of France with its principal place of business located in Paris, France.

## Factual Background

9.	Since 2001, Universal has manufactured and sold various cosmetic and skin care products. The company made a name for itself by developing products that utilize or contain, *inter alia*, natural Dead Sea minerals combined with complex peptides.

10.	In 2012, Universal developed a new and innovative line of products utilizing plant stem cell technology. Combined with a unique blend of vitamins, essential oils, organic flower extracts and organic vegetable proteins, the new products truly represent an organic approach to skin care.

11.	On or about June 28, 2012, Universal launched this new line of products under the trademark ADORE ORGANIC INNOVATION.

12.	On or about October 29, 2012, Universal filed a trademark application with the U.S. Patent & Trademark Office ("PTO") for the trademark ADORE ORGANIC INNOVATION.

13. Products bearing the ADORE ORGANIC INNOVATION are sold on-line through Universal's website, and through dedicated stores in shopping malls operating under the mark ADORE ORGANIC INNOVATION, such as the one depicted below:



14. On or about February 27, 2013, counsel for Dior sent a demand letter to Universal's trademark counsel (the "Demand Letter"). In the Demand Letter, Dior asserts that Universal's ADORE ORGANIC INNVOATION trademark "is likely to confuse consumers and constitutes an infringement of [Dior's] mark J'ADORE" in violation of U.S. Trademark law. However, there is no basis for such an accusation.

15. The term J'ADORE is French, and in Dior's trademark registrations for J'ADORE, Dior concedes that the term literally translates to "I love," "I adore" or "I worship."

16. Upon information and belief, products sold under the J'ADORE mark include Dior's house mark—DIOR—in close proximity to the J'ADORE mark. When J'ADORE appears on Dior's products, the mark generally appears in lower-case letters, often with the

letters set so that they do not appear on the same line, and where the letters "d" and "r" appear raised when compared with the other letters.

17. Universal's ADORE ORGANIC INNOVATION is generally presented with the English term ADORE in larger letters and on one line, and the words ORGANIC INNVOATION appearing in a somewhat smaller font adjacent to the word ADORE.

18. When the appearance of Universal's ADORE ORGANIC INNOVATION mark is compared with Dior's J'ADORE mark, it becomes apparent that the overall impression created by the two marks is different. The presentation of the two different marks and the products bearing those marks is also different.

19. Dior uses the J'ADORE mark in connection with perfume, eau de toilette or toilet waters, and body milks. These products differ from the skin care products that Universal sells.

20. Upon information and belief, products sold under the J'ADORE mark are sold through various retail establishments, including, as detailed in the Demand Letter, in "Sephora stores and better Miami Department stores, such as Nordstrom."

21. Products sold under the ADORE ORGANIC INNOVATION mark are sold through a website and in retail stores dedicated to ADORE ORGANIC INNOVATION products. No Dior products are sold in the retail stores or website dedicated to Universal's brand.

22. Thus, consumers will not find J'ADORE products and ADORE ORGANIC INNOVATION products in the same retail stores.

23. Universal advertises ADORE ORGANIC INNOVATION products through its website and through salespeople trained to perform demonstrations of the products. Upon information and belief, Dior advertises J'ADORE products through more traditional media (e.g.,

newspaper and magazine advertisements) and through the advertising circulated by retail outlets like Sephora and Nordstrom.

24.     Upon information and belief, there has been no instance of actual confusion between Dior's J'ADORE products and Universal's ADORE ORGANIC INNOVATION products.

25.     Dior is not the owner of the registered trademarks ADORE (U.S. Trademark Registration No. 2,775,927) and ADORE PLUS (U.S. Trademark Registration No. 2,898,257). Moreover, the trademark registration for ADORE predates Dior's first use of J'ADORE, and is incontestable.

26.     When each of these factors is considered, it becomes readily apparent that there is no likelihood of confusion between Dior's J'ADORE trademark and Universal's ADORE ORGANIC INNOVATION trademark.  As such, there is no legitimate basis for Dior to assert that Universal is infringing Dior's mark.

27.     Universal has retained the undersigned law firm to represent it in this action and has agreed to pay reasonable attorney's fees for its services.

28.     All conditions precedent to this action have been performed, occurred, or have been waived.

**COUNT I:  DECLARATORY RELIEF – NO TRADEMARK INFRINGEMENT**

29.     Universal reavers paragraphs 1 through 28 in support of this claim.

30.     As a result of Dior's Demand Letter, an actual case or controversy exists between the parties.

31. Because Dior has accused Universal of infringing the J'ADORE trademark, Universal is in need of, and entitled to, a judicial declaration of each party's respective rights and liabilities.

32. Since there is no likelihood of confusion between the J'ADORE trademark and Universal's ADORE ORGANIC INNOVATION trademark, Universal is entitled to a declaration that there is no likelihood of confusion between the Parties' marks.

## PRAYER FOR RELIEF

WHEREFORE, Universal prays for entry of a judgment against Dior as follows:

I. With respect to Count I, entry of a declaratory judgment making the determination that there is no likelihood of confusion between Universal's ADORE ORGANIC INNOVATIONS trademark and Dior's J'ADORE trademark.

II. On all counts, such further and additional relief as this Court may deem to be just and proper.

Respectfully submitted,

s/ Samuel A. Lewis
By:_____
Jeffrey D. Feldman / Fla. Bar No. 330302
JFeldman@FeldmanGale.com
Samuel A. Lewis / Fla. Bar No. 55360
SLewis@FeldmanGale.com
FELDMAN GALE, P.A.
One Biscayne Tower, 30th Floor
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone:  305-358-5001
Facsimile:  305-358-3309
***Attorneys for Universal***