**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 13-cv-20872-Lenard/O'Sullivan

UNIVERSAL HANDICRAFT, INC.,

        Plaintiff,

vs.

PARFUMS CHRISTIAN DIOR, S.A.,

        Defendant.

_____/

**<u>AMENDED COMPLAINT</u>**

Plaintiff, Universal Handicraft, Inc. ("Universal"), sues Defendant, Parfums Christian Dior, S.A. ("Dior"), and alleges:

**Nature of the Action**

1.    This is an action seeking a declaratory judgment under 28 U.S.C. §§2201 and 2202 that Universal's ADORE ORGANIC INNOVATION trademark is not confusingly similar with, and does not infringe, Dior's J'ADORE trademark. Additionally, this is an action seeking cancellation of Dior's certificates of registration no.s 2,455,674 and 2,696,047, for the J'ADORE mark, pursuant to 15 U.S.C. § 1119.

**Jurisdiction and Venue**

2.    This action arises under the Trademark Laws of the United States, 15 U.S.C. §1051 *et seq.,* and the Federal Declaratory Relief Act, 28 U.S.C. §2201 *et seq.*

3.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, 1338, 2201 and 2202.

1

4.      This Court has personal jurisdiction over Dior pursuant to § 48.193(2), Fla.Stat. (2012), because, upon information and belief, it has engaged in substantial and not isolated activity in the State of Florida, whether such activity is wholly interstate, intrastate, or otherwise.

5.      Upon information and belief, Dior's products are sold within this District, and products bearing Dior's trademark are systematically and continuously shipped into this District for sale to the consuming public.

6.      Venue is proper in this District pursuant to 28 U.S.C. §§1400 and 1391.

**The Parties**

7.      Universal is a corporation organized and existing under the laws of the State of Florida with its principal place of business located in Miami, Florida.

8.      Upon information and belief, Dior is a corporation organized and existing under the laws of France with its principal place of business located in Paris, France.

**Factual Background**

9.      Since 2001, Universal has manufactured and sold various cosmetic and skin care products.  The company made a name for itself by developing products that utilize or contain, *inter alia*, natural Dead Sea minerals combined with complex peptides.

10.     In 2012, Universal developed a new and innovative line of products utilizing plant stem cell technology.  Combined with a unique blend of vitamins, essential oils, organic flower extracts and organic vegetable proteins, the new products truly represent an organic approach to skin care.

11.     On or about June 28, 2012, Universal launched this new line of products under the trademark ADORE ORGANIC INNOVATION.

12.     On or about October 29, 2012, Universal filed a trademark application with the U.S. Patent & Trademark Office ("USPTO") for the trademark ADORE ORGANIC INNOVATION.

13.     Products bearing the ADORE ORGANIC INNOVATION are sold through kiosks, on-line through the www.AdoreCosmetics.com website, and through retail stores dedicated to ADORE ORGANIC INNOVATION products, including self-branded stores in shopping malls operating under the mark ADORE ORGANIC INNOVATION, such as the one depicted below:



14.     On or about February 27, 2013, counsel for Dior sent a demand letter to Universal's trademark counsel (the "Demand Letter").  In the Demand Letter, Dior asserts that Universal's ADORE ORGANIC INNVOATION trademark "is likely to confuse consumers and constitutes an infringement of [Dior's] mark J'ADORE" in violation of U.S. Trademark law. However, there is no basis for such an accusation.

15.     The term J'ADORE is French, and in Dior's trademark registrations for J'ADORE, Dior concedes that the term literally translates to "I love," "I adore" or "I worship."

16.     Upon information and belief, products sold under the J'ADORE mark include Dior's house mark—DIOR—in close proximity to the J'ADORE mark.  When J'ADORE appears on Dior's products, the mark generally appears in lower-case letters, often with the letters set so that they do not appear on the same line, and where the letters "d" and "r" appear raised when compared with the other letters.

17.     Universal's ADORE ORGANIC INNOVATION is generally presented with the English term ADORE in larger letters and on one line, and the words ORGANIC INNVOATION appearing in a somewhat smaller font adjacent to the word ADORE.

18.     When the appearance of Universal's ADORE ORGANIC INNOVATION mark is compared with Dior's J'ADORE mark, it becomes apparent that the overall impression created by the two marks is different.  The presentation of the two different marks and the products bearing those marks is also different.

19.     Dior uses the J'ADORE mark in connection with perfume, eau de toilette or toilet waters, and body milks.  These products differ from the skin care products that Universal sells.

20.     Upon information and belief, products sold under the J'ADORE mark are sold through various retail establishments, including, as detailed in the Demand Letter, in "Sephora stores and better Miami Department stores, such as Nordstrom."

21.     Products sold under the ADORE ORGANIC INNOVATION mark are sold through kiosks, retail stores dedicated to ADORE ORGANIC INNOVATION products including self-branded stores, and on-line through the www.AdoreCosmetics.com website.  No Dior products are sold in the retail stores or website dedicated to Universal's brand.

4

22.     Thus, consumers will not find J'ADORE products and ADORE ORGANIC INNOVATION products in the same retail stores.

23.     Universal advertises ADORE ORGANIC INNOVATION products through its website and through salespeople trained to perform demonstrations of the products.   Upon information and belief, Dior advertises J'ADORE products through more traditional media (e.g., newspaper and magazine advertisements) and through the advertising circulated by retail outlets like Sephora and Nordstrom.

24.     Upon information and belief, there has been no instance of actual confusion between Dior's J'ADORE products and Universal's ADORE ORGANIC INNOVATION products.

25.     Dior is not the owner of the registered trademarks ADORE (U.S. Trademark Registration No. 2,775,927) and ADORE PLUS (U.S. Trademark Registration No. 2,898,257). The third-party trademark application for ADORE predated Dior's first use of J'ADORE, and that registration is incontestable.

26.     On or about July 22, 1999, the USPTO issued an Office Action against Dior's application no. 75/667,022, which advised Dior that several third-party applications, including the ADORE mark (then, application no. 75/560,198), may block Dior's intent-to-use application to register J'ADORE for use with perfume, milks for the care of the body and face, cologne and eau de toilette. In response, Dior expressly informed the USPTO that one of the blocking applications had been assigned to it and, as to the others, instructed the USPTO suspend its application to register J'ADORE "until the other two blocking applications either become abandoned or mature to registration."  Dior never opposed the third-party's ADORE application no. 75/560,198 or resulting Registration No. 2,775,927.

5

27.     When each of these factors is considered, it becomes readily apparent that there is no likelihood of confusion between Dior's J'ADORE trademark and Universal's ADORE ORGANIC INNOVATION trademark.  As such, there is no legitimate basis for Dior to assert that Universal is infringing Dior's marks.

### *Dior's J'ADORE Registration No. 2,455,674 is Void and Should Be Cancelled*

28.     There is also no legitimate basis for Dior to claim that Universal is infringing Dior's marks because Dior's trademark registrations are invalid and, thus, unenforceable.

29.     On October 23, 1997, Mr. Stanislas Regniault ("Mr. Regniault"), filed an application with the USPTO to register J'ADORE in international class 03 for an intended use in connection with perfume and toilet waters.  The USPTO assigned serial number 75/378,164 to Mr. Regniault's application (hereinafter, "the '164 Intent to Use Application").

30.     Mr. Regniault filed the '164 Intent to Use Application expressly pursuant to Section 1(b) of the Lanham Act, 15 U.S.C. §1051(b), which allows (under certain conditions) a person who has not yet used the mark in commerce, but who has a bona fide intention to use the mark in commerce, to seek registration of the mark.  [Exhibit "A"].

31.     As reflected in the '164 Intent to Use Application, Mr. Regniault did not have an ongoing and existing business with respect to the term J'ADORE in connection with perfume and toilet waters.

32.     On August 25, 1998, the USPTO sent a Notice of Allowance regarding the '164 Intent to Use Application to Mr. Regniault, informing him that, within six months of that date, he must file a "Statement of Use" or a "Request for Extension of Time to File a Statement of Use."

33.     On February 17, 1999, Mr. Regniault filed a "First Extension of Time to file a Statement of Use" in connection with the '164 Intent to Use Application. [Exhibit "B"].

6

34.     On July 22, 1999, in an Office Action against Dior's intent-to-use application no. 75/667,022, the USPTO cited Mr. Regniault's '164 Intent to Use Application as potentially blocking Dior's application to register J'ADORE.

35.     On August 9, 1999, Mr. Regniault assigned the '164 Intent to Use Application to Dior.  [Exhibit "C"].

36.     Upon information and belief, Dior was not a successor to any ongoing or existing business being conducted by Mr. Regniault with respect to the term J'ADORE in connection with perfume and toilet waters.

37.     On or about August 16, 1999, Dior recorded the assignment of the '164 Intent to Use Application with the USPTO.  [Ex. C]   In doing so, Dior expressly represented to the USPTO that, *in addition to* the '164 Intent to Use Application, it also obtained from Mr. Regniault, the "mark, together with the goodwill of the business symbolized by the mark." Dior's representative expressly stated that the "foregoing information is true and correct."  *Id.*

38.     On or about August 23, 1999, after recording the assignment of the '164 Intent to Use Application, Dior filed a "Second Request for Extension of Time to File a Statement of Use" with the USPTO, which stated: "Applicant is preparing to launch the product early next year." [Exhibit "D"]

39.     Nearly a year later, on or about July 19, 2000, Dior filed an "Allegation of Use" in which it stated first use of the J'ADORE mark in commerce, in connection with perfume and toilet waters, was as early as February 11, 2000.  [Exhibit "E"]

40.     Pursuant to Section 10 of the Lanham Act, 15 U.S.C. § 1060, as in effect at the time: "no application to register a mark under section 1(b) shall be assignable prior to the filing

7

of the verified statement of use under section 1(d), except to a successor to the business of the applicant, or portion thereof, to which the mark pertains, if that business is ongoing and existing."

41.     Accordingly, when Mr. Regniault assigned his '164 Intent to Use Application to Dior in August 1999, the Lanham Act prohibited such assignment as a violation of the Act's anti-trafficking rule.  Likewise, Dior's recordation of the assignment with the USPTO was in violation of the Lanham Act, and specifically, its anti-trafficking rule.  As a result, the '164 Intent to Use Application was and is void.  However, upon information and belief, Dior's express representation to the USPTO that it had acquired the "mark, together with the goodwill of the business symbolized by the mark" was intended to, and in fact did, give the USPTO the false impression that Dior validly acquired rights through the assignment, and conceal Dior's violation of the Lanham Act's anti-trafficking rule.

42.     Because the assignment of the '164 Intent to Use Application to Dior was in violation of the Lanham Act and void, the resulting Certificate of Registration No. 2,455,674 was and is void ab initio.

43.     In light of Dior's registration and maintenance of the J'ADORE Registration No. 2,455,674 in violation of well-established trademark law, it has unclean hands with respect to the J'ADORE mark and, thus, may not enforce the J'ADORE mark against the Universal or others.

### *Dior's J'adore Registration No. 2,696,047 is Also Void and Should Be Cancelled*

44.     On March 24, 1999, Dior filed an "application for trademark registration under Sect. 44(e)" for J'ADORE to be used in connection with perfume, eau de toilette, cologne, and milks for the care of the body and face.  Dior did not expressly claim Section 1(b), or any other

8

Section of the Lanham Act, as a basis for its application.   The USPTO assigned serial number 75/667,022 to this application (hereinafter, the "44(e) Application").   [Exhibit "F"]

45.     Under the Code of Federal Regulations, 37 C.F.R. 2.34(b)(2), "if an applicant claims more than one basis, the applicant must list each basis, followed by the goods or services to which that basis applies. If some or all of the goods or services are covered by more than one basis, this must be stated."   In its cover letter and application to the USPTO, Dior only asserted "a claim under Section 44(e)." [Ex. F]

46.     Under Section 44(e) of the Lanham Act, 15 U.S.C. § 1126, a trademark that is registered in the country of origin of a foreign applicant may be registered in the United States if eligible. However, under the Code of Federal Regulations, 37 C.F.R. § 2.32(a)(6): "In a United States application filed under section 44 of the Act, the scope of the goods and/or services covered by the section 44 basis may not exceed the scope of the goods and/or services in the foreign application or registration."   Thus, under Section 44(e), the applicant must submit a true or certified copy of the registration in the country of origin, and must state that he/it has a bona fide intention to use the mark in U.S. commerce.

47.     However, in support of its 44(e) Application, Dior relied on a French Registration (No. 94/536564) for J'ADORE in connection with "Preparations for bleaching and other washing products; preparations for cleaning, polishing, degreasing and abrasion; soaps; perfumes, essential oils, cosmetics, hair lotion; toothpaste, clothes, shoes and hats (the "French Registration"), which had been trafficked between multiple persons prior within its brief existence.[1]   [Exhibit "F", pp. 6-30]

---

[1]  The French Registration was originally registered by Mr. Jose' Eisenberg of Monaco on or about September 13, 1994.  On October 3, 1997, Mr. Eisenberg sold the French Registration (and

9

48.     The French Registration does not include the following goods: eau de toilette, cologne, and milks for the care of the body and face. [Ex. F, p. 20].  Consequently, under Section 44(e) of the Lanham Act, 15 U.S.C. § 1126, Dior was not the owner of a French trademark registration for J'ADORE in connection with eau de toilette, cologne, and milks for the care of the body and face.

49.     However, when Dior filed its 44(e) Application, its representative expressly declared that Dior is "the owner of the trademark sought to be registered" and that all statements made within the 44(e) Application are true.  [Ex. F].  Upon information and belief, Dior's express representations to the USPTO were intended to, and in fact did, give the USPTO the false impression that Dior's French Registration covered all goods within its 44(e) Application, and conceal Dior's violation of the Lanham Act's strict requirements for Section 44(e) applications.

50.     Because Dior sought registration for goods that are not stated within the French Registration, Dior's 44(e) Application exceeded the scope of the French Registration and, therefore, was in violation of the Lanham Act.  Consequently, the resulting Certificate of Registration No. 2,696,047 was and is void ab initio.

51.     In light of Dior's registration and maintenance of the J'ADORE Registration No. 2,696,047 in violation of well-established trademark law, it has unclean hands with respect to the J'ADORE mark and, thus, may not enforce the J'ADORE mark against the Universal or others.

---

others) to Mr. Regniault for 100,000 French Francs, stating that as of the day of the sale: "they have not been used."  Less than a year later, on September 1, 1998, Mr. Regniault sold the French Registration to Dior for an undisclosed amount, noting that "said trademark is not used."

52.     Universal has retained the undersigned law firm to represent it in this action and has agreed to pay reasonable attorney's fees for its services.

53.     All conditions precedent to this action have been performed, occurred, or have been waived.

## COUNT I:  DECLARATORY RELIEF – NO TRADEMARK INFRINGEMENT

54.     Universal restates and realleges each and every allegation within Paragraphs 1 through 53 in support of this claim, as though they are fully set forth in this Paragraph.

55.     As a result of Dior's Demand Letter, an actual case or controversy exists between the parties.

56.     Because Dior has accused Universal of infringing the J'ADORE trademark, Universal is in need of, and entitled to, a judicial declaration of each party's respective rights and liabilities.

57.     Since there is no likelihood of confusion between the J'ADORE trademark and Universal's ADORE ORGANIC INNOVATION trademark, Universal is entitled to a declaration that there is no likelihood of confusion between the Parties' marks.

## COUNT II:  CANCELLATION OF TRADEMARK REGISTRATION NO. 2,455,674

58.     Universal restates and realleges each and every allegation within Paragraphs 1 through 53 in support of this claim, as though they are fully set forth in this Paragraph.

59.     Pursuant to 15 U.S.C. § 1119, this Court may determine whether Dior has a right to maintain Registration 2,455,674, may order the cancellation of Registration 2,455,674 from the record of the United States Patent and Trademark Office, in whole or in part, and/or otherwise rectify the USPTO's register of trademarks.

60.     Mr. Regniault filed application number 75/378,164 with the USPTO to register J'ADORE for an intended use in connection with perfume and toilet waters expressly pursuant to Section 1(b) of the Lanham Act, 15 U.S.C. §1051(b).

61.     Pursuant to the Lanham Act's anti-trafficking rule, 15 U.S.C. § 1060, an application to register a mark under section 1(b) is not assignable prior to the filing of the verified statement that the mark is actually being used in commerce, except under limited circumstances, which, upon information and belief, are not applicable to the assignment and application at issue.

62.     Prior to making any use of the term "J'ADORE" in commerce in connection with perfume and toilet water, and prior to filing a verified statement with the USPTO that he was using the term "J'ADORE" in commerce in connection with perfume and toilet water, Mr. Regniault assigned his '164 Intent to Use Application to Dior.

63.     Upon information and belief, Dior was not a successor to any ongoing or existing business being conducted by Mr. Regniault with respect to the term J'adore in connection with perfume and toilet waters.

64.     Therefore, the assignment of Mr. Regniault's application number 75/378,164 to Dior was in violation of the Lanham Act and void.  Likewise, the resulting Certificate of Registration No. 2,455,674 issued by the USPTO was and is void ab initio.

65.     However, when Dior recorded the assignment of the '164 Intent to Use Application with the USPTO, it expressly represented to the USPTO that when acquiring the '164 Intent to Use Application from Mr. Regniault, it also acquired the "mark, together with the goodwill of the business symbolized by the mark."

12

66.     Upon information and belief, and because a trademark, and goodwill attendant thereto, cannot exist absent use of the mark in commerce in connection with the subject goods or services (*i.e.*, absent an ongoing and existing business to which the mark pertains), Dior's express representation to the USPTO that it had acquired the "mark, together with the goodwill of the business symbolized by the mark" was intended to, and in fact did, give the USPTO the false impression that Dior validly acquired rights through the assignment, and conceal Dior's violation of the Lanham Act's anti-trafficking rule.

67.     Because Certificate of Registration No. 2,455,674 was and is void, and was procured through fraud, it is unenforceable and this Court may, and should, order that it be cancelled in order to rectify the Principal Register of trademarks at the USPTO.

**COUNT III:  CANCELLATION OF TRADEMARK REGISTRATION NO. 2,696,047**

68.     Universal restates and realleges each and every allegation within Paragraphs 1 through 53 in support of this claim, as though they are fully set forth in this Paragraph.

69.     Pursuant to 15 U.S.C. § 1119, this Court may determine whether Dior has a right to maintain Registration 2,696,047, may order the cancellation of Registration 2,696,047 from the record of the United States Patent and Trademark Office, in whole or in part, and/or otherwise rectify the USPTO's register of trademarks.

70.     Dior filed application number 75/667,022 for J'ADORE to be used in connection with perfume, eau de toilette, cologne, and milks for the care of the body and face.

71.     Under 37 C.F.R. 2.34(b)(2), if a foreign applicant claims more than one basis for its trademark application, "the applicant must list each basis, followed by the goods or services

13

to which that basis applies. If some or all of the goods or services are covered by more than one basis, this must be stated."

72.     Dior, a foreign applicant, expressly claimed only Section 44(e) of the Lanham Act as the basis for application number 75/667,022.

73.     Dior did not expressly claim Section 1(b), or any other Section of the Lanham Act, as a basis for application number 75/667,022.

74.     In support of its application number 75/667,022 under Section 44(e) of the Lanham Act, Dior relied on French Registration No. 94/536564 for J'ADORE in connection with "Preparations for bleaching and other washing products; preparations for cleaning, polishing, degreasing and abrasion; soaps; perfumes, essential oils, cosmetics, hair lotion; toothpaste, clothes, shoes and hats.

75.     The French Registration does not include the following goods: eau de toilette, cologne, and milks for the care of the body and face.  Accordingly, under Section 44(e) of the Lanham Act, 15 U.S.C. § 1126, Dior was not the owner of a French trademark registration for J'ADORE in connection with eau de toilette, cologne, and milks for the care of the body and face.

76.     Consequently, Dior's application number 75/667,022, for J'ADORE to be used in connection with perfume, eau de toilette, cologne, and milks for the care of the body and face, sought registration for goods that are not stated within the French Registration and, thereby, exceeded the scope of the French Registration.

77.     Because Dior' application number 75/667,022 exceeded the scope of the French Registration, it was in violation of the Lanham Act.

78.     However, when Dior filed its 44(e) Application, it expressly declared that it is "the owner of the trademark sought to be registered."  Upon information and belief, Dior's express representations to the USPTO were intended to, and in fact did, give the USPTO the false impression that Dior's French Registration covered all goods within its 44(e) Application, and conceal Dior's violation of the Lanham Act's strict requirements for Section 44(e) applications.

79.     Because Dior' application number 75/667,022 violated the Lanham Act, the resulting Certificate of Registration No. 2,696,047 was and is void ab initio.

80.     Because Certificate of Registration No. 2,696,047 was and is void, and was procured through fraud, it is unenforceable and this Court may order that it be cancelled in order to rectify the Principal Register of trademarks at the USPTO.

## PRAYER FOR RELIEF

WHEREFORE, Universal prays for entry of a judgment against Dior as follows:

A.      With respect to Count I, entry of a declaratory judgment making the determination that there is no likelihood of confusion between Universal's ADORE ORGANIC INNOVATIONS trademark and Dior's J'ADORE trademark.

B.      With respect to Count II, that the Court find that Dior's Registration 2,455,674 is invalid and unenforceable, and issue a certified order to the Director of the United States Patent and Trademark Office directing that Registration 2,455,674 be cancelled from the Principal Register of trademarks.

C.      With respect to Count III, that the Court find that Dior's Registration 2,696,047 is invalid and unenforceable, and issue a certified order to the Director of the United States Patent

and Trademark Office directing that Registration 2,696,047 be cancelled from the Principal Register of trademarks.

      D.     An order enjoining Dior from proceeding with TTAB Opposition Proceeding No. 91210372 and directing Dior to voluntarily dismiss TTAB Opposition Proceeding No. 91210372 with prejudice.

      E.     On all counts, such further and additional relief as this Court may deem to be just and proper.

Dated:  August 26, 2013          Respectfully submitted,

                                      By:   */s  Susan J. Latham*
                                          Jeffrey D. Feldman / Fla. Bar No. 330302
                                          JFeldman@FeldmanGale.com
                                          Samuel A. Lewis / Fla. Bar No. 55360
                                          SLewis@FeldmanGale.com
                                          Susan J. Latham / Fla. Bar No. 687391
                                          SLatham@FeldmanGale.com
                                        **FELDMAN GALE, P.A.**
                                        One Biscayne Tower, 30th Floor
                                        2 South Biscayne Boulevard
                                        Miami, Florida 33131
                                        Telephone:  305-358-5001
                                        Facsimile:  305-358-3309
                                        *Attorneys for Universal Handicraft, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY certify that on August 26, 2013, I electronically filed the foregoing document with the Clerk of the Court CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

s/  *Susan J. Latham*_____
SUSAN J. LATHAM

## SERVICE LIST

***Universal Handicraft, Inc. v. Parfums Christian Dior, S.A.***
Case No. 13- cv-20872-Lenard/O'Sullivan

Harry R. Schafer, Esq./ Florida Bar No. 508667
E-mail: hrs@knpa.com
1100 Miami Center
201 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 373-1000
Facsimile:  (305) 372-1861

Laura Popp-Rosenberg, Esq.
E-mail: lpopp-rosenberg@fzlz.com
Jennifer Insley-Pruitt
E-mail: jinsley-pruitt@fzlz.com
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
866 United Nations Plaza
New York, New York 10017
Telephone: (212) 813-5900
Facsimile:  (212) 813-5901