## <u>MEDIATED SETTLEMENT AGREEMENT AND RELEASE</u>

THIS MEDIATED SETTLEMENT AGREEMENT (the "Agreement"), effective as of the date of full execution by all parties hereto (the "Effective Date"), is by and between Parfums Christian Dior, S.A. ("Dior"), a French Société Anonyme located and doing business at 33 Avenue Hoche, 75008 Paris, France, and Universal Handicraft, Inc. ("Universal"), a Florida corporation located and doing business at 1005 Park Centre Boulevard, Miami, Florida 33169 (each a "Party" and collectively the "Parties").

**WHEREAS**, Dior is the owner of U.S. Registration Nos. 2455674 and 2696047 and common law rights for the J'ADORE mark (collectively, "Dior's J'ADORE Marks");

**WHEREAS**, on August 1, 2012, Universal filed U.S. trademark Application Serial Nos. 85/692,261 and 85/692,416 with the United States Patent and Trademark Office (the "USPTO") seeking to register the marks ADORE (Stylized) and ADORE COSMETICS (Stylized), respectively, both for "Colognes, perfumes and cosmetics" in International Class 3;

**WHEREAS**, on October 29, 2012, Universal filed U.S. trademark Application Serial No. 85/765,621 with the USPTO seeking to register the mark ADORE ORGANIC INNOVATION (Stylized) for "Organic cosmetics; Organic cosmetics and organic cosmetic preparations; Organic cosmetics in general, including organic perfumes" in International Class 3;

**WHEREAS**, Dior has objected to Universal's use and registration of the ADORE, ADORE COSMETICS, and ADORE ORGANIC INNOVATION marks (collectively, "Universal's ADORE Marks"), including by filing a Notice of Opposition against the ADORE ORGANIC INNOVATION application before the Trademark Trial and Appeal Board ("TTAB") of the USPTO, which opposition proceeding has been instituted as No. 91210372 (the "Opposition");

**WHEREAS**, Universal has filed a Complaint for Declaratory Relief (the "Complaint") against Dior in the United States District Court for the Southern District of Florida (the "Court") titled *Universal Handicraft, Inc. v. Parfums Christian Dior, S.A.*, No. 13-CV-20872 (the "Litigation") seeking, *inter alia*, a declaration that the ADORE ORGANIC INNOVATION mark does not infringe the J'ADORE mark, and an Amended Complaint (the "Amended Complaint"), which adds claims for cancellation of Dior's U.S. Registration Nos. 2455674 and 2696047 for the J'ADORE mark;

**WHEREAS**, Dior has answered the Amended Complaint, denying the allegations thereof and asserting an affirmative defense and counterclaims for trademark infringement and unfair competition under federal and state law and seeking an injunction prohibiting use of Universal's ADORE Marks and monetary damages;

**WHEREAS**, the Parties have been and are contesting each other's claims in the Opposition and the Litigation;

**WHEREAS**, the Parties desire to resolve the disputes between them amicably;

1

**WHEREAS**, the Parties have each participated, at arm's length, in good faith settlement negotiations with the aid of legal counsel as well as at mediation and, as a result of their negotiations, have reached a good faith settlement of their disputes; and

**NOW, THEREFORE**, in consideration of the promises and undertakings contained herein, the Parties, intending to be legally bound, agree as follows:

1. **Universal's Acknowledgment and Undertakings.**

   a) Universal shall not use, seek to register, or register J'ADORE for any goods or services in International Class 3.

   b) Universal shall not use, seek to register, or register any mark or trade name consisting of or containing the term ADORE, or any misspellings or foreign equivalents thereof, on or in connection with any personal Fragrance Products.  For purposes of this Agreement, "Fragrance Products" means perfumes, parfum, essence de parfum, extrait de parfum, elixir de parfum, esprit de parfum, eau de parfum, eau de toilette, eau de cologne, perfume mist, aftershave, eau fraiche, solid perfumes, essential oils, and cologne; however, "Fragrance Products" does not include scented or unscented skin lotions, soap and soap products, bath oils, bath salts, bath powders as well as other cosmetic or skin care products not expressly included in the definition of Fragrance Products. Notwithstanding the foregoing, Universal may use ADORE ORGANIC INNOVATION on or in connection with Fragrance Products so long as: (i) such products do not include the word ADORE as part of the name of the product itself and otherwise do not bear a mark or name that is confusingly similar to Dior's J'ADORE Marks or any mark identified in <u>Exhibit A</u> hereto; (ii) the words ADORE ORGANIC INNOVATION appear together and the term ADORE is not given emphasis over ORGANIC INNOVATION due to size, color, font, stylization, etc.; (iii) ADORE ORGANIC INNOVATION appears in a font size that is no more than one-half the size of the product name/mark and otherwise is not more prominent than the product name/mark due to color, font, stylization, etc.; and (iv) such products do not reference Dior or any of Dior's J'ADORE Marks.

   c) In connection with skin lotions, soap and soap products, bath oils, bath salts, and bath powders, and that use the term ADORE as a trademark or part of a trademark for such product, Universal shall not use any trade dress that is confusingly similar to the J'ADORE trade dress shown in <u>Exhibit B</u> hereto.  For the avoidance of doubt, Dior has no objection to Universal's use of the packaging and trade dress shown in <u>Exhibit C</u> hereto, which Dior agrees is not confusingly similar and, therefore, expressly approves.

   d) Neither Universal nor anyone authorized by Universal may suggest that Universal, its products, or business are approved by or connected with either Dior or any of the goods and services offered under any of Dior's J'ADORE Marks, including but not limited to by using a typeface or font for Universal's ADORE Marks that is identical or confusingly similar to the typeface and font currently used by Dior for Dior's J'ADORE Marks as shown in <u>Exhibit B</u>.

2

e) For any trademark registrations that Universal acquired outside of the United States prior to the Effective Date of this Agreement, and for any pending trademark applications that Universal is prosecuting outside of the United States, Universal shall either file a petition to amend (or similar process) to eliminate Fragrance Products from the description of goods, or if not practicable, Universal shall file a new trademark application(s) omitting Fragrance Products from the description of goods. Such petition to amend or new trademark application(s) shall be filed within sixty (60) days of the Effective Date of this Agreement. In the event that a new trademark application is filed, Universal shall be permitted to maintain the existing trademark registration until such time as the new registration issues, and within sixty (60) days after issuance of the new registration, Universal shall cancel or otherwise withdraw the original registration that included Fragrance Products in the description of goods. Within forty-five (45) days of the execution of this Agreement, Dior shall pay Universal the sum of seven thousand five hundred U.S. dollars (USD $7,500) to help defray the cost of Universal's compliance with this provision.

f) The above undertakings are binding on Universal, its principals, and any other entity controlled or owned by Universal and/or any of its principals, now or in the future.

g) Dior agrees that other than as expressly provided above in this Section 1, nothing herein shall limit or prevent Universal from using and/or registering any mark or trade name consisting of or containing the term ADORE, or Universal's current trade dress as depicted in Exhibit C, and nothing herein shall limit or prevent Universal from using its current domain name, adorecosmetics.com.

## 2. **Dior's Undertakings**

a) Dior shall not object to or take any action that interferes with Universal's use and registration of Universal's ADORE Marks and trade dress as permitted under the terms of this Agreement.

b) Neither Dior nor anyone authorized by Dior may suggest that Dior, its products, or business are approved by or connected with either Universal or any of the goods and services offered under any of Universal's marks.

c) Dior shall not oppose or otherwise interfere with Universal's use and registration of its current domain name, adorecosmetics.com.

d) The above undertakings are binding upon Dior, its principals, and any other entity controlled or owned by Dior and/or any of its principals, now or in the future.

## 3. **Joint Undertakings.**

a) No Party shall assist any third party in taking any action, or cause or request that any third party take any action, that the Party is prohibited from taking under this Agreement.

b) The Parties shall act in good faith to avoid any potential confusion that might result from the concurrent use of their respective marks and, should actual confusion or

circumstances that seem likely to create confusion arise, shall cooperate to attempt to prevent same. If either Party perceives, in good faith, that a breach of this Agreement has occurred, that Party (the "Complaining Party") shall promptly notify the other Party (the "Receiving Party") in writing pursuant to the notification provisions set forth in Section 11 below. The Receiving Party shall then have thirty (30) days from receiving such notice to cure the alleged breach or to negotiate a resolution with the Complaining Party (the "Cure Period"). During the Cure Period, no formal legal action shall be taken by the Complaining Party, and the Parties shall negotiate in good faith to reach resolution. If the Receiving Party has not either taken reasonable steps to ensure a timely cure during the Cure Period, or has not negotiated another resolution with the Complaining Party, then the Complaining Party may seek relief from the Court. The Complaining Party shall not be obligated to use the notice-and-cure mechanism provided in this Paragraph more than three times: on the fourth occasion of an alleged breach, the Complaining Party shall notify the Receiving Party of the alleged breach, but shall have no obligation to provide a period for cure before proceeding with formal legal action.

c) Within ten (10) days after the Effective Date, the Parties shall sign and file a Stipulation of Dismissal with Prejudice and on the Merits ("Stipulation"), in the form attached as Exhibit D hereto, and which Stipulation shall be expressly conditioned upon the Court's retention of jurisdiction to enforce this Agreement. Counsel for Universal shall file the fully executed Stipulation with the Court, and the Parties shall take any further action necessary to ensure the Stipulation is so ordered.

d) Within ten (10) days after the Effective Date, the Parties (through counsel) shall sign and counsel for Dior shall file a consented motion to withdraw the Opposition, in the form attached as Exhibit E hereto. The Parties shall take any further action necessary to ensure the consented motion is so ordered. Dior shall execute such other documents as may be necessary to withdraw other opposition or cancellation proceedings as may be pending outside of the United States.

e) Each Party shall take any further actions reasonably necessary to effect the intent of the Parties as set forth herein.

## 4. Releases

a) Dior for itself and on behalf of its past, present and future officers, directors, partners, agents, legal representatives, trustees, associates, affiliates, subsidiaries, parents, predecessors, successors and assigns, acting in their capacity as such for Dior, hereby knowingly, voluntarily, irrevocably and forever releases and fully discharges Universal and its past, present or future officers, directors, stockholders, agents, partners, customers, suppliers, legal representatives, trustees, associates, affiliates, subsidiaries, parent companies or corporations, partners, attorneys, heirs, executors, administrators, predecessors, successors and assigns (collectively, the "Universal Releasees") from any and all liabilities, claims, causes of action, charges, grievances, obligations, rights, demands, debts, damages, costs, losses or liabilities, known or unknown, asserted or which could have been asserted in the Litigation, arising from or related to the facts, controversies and/or issues in the Litigation. The Release set forth herein shall not

4

extend to or be construed as releasing the Universal Releasees, or any of them, from their responsibilities, representations, warranties, promises, obligations, covenants, and agreements under or arising out of this Agreement.

b) Universal for itself and on behalf of its past, present and future officers, directors, partners, agents, legal representatives, trustees, associates, affiliates, subsidiaries, parents, predecessors, successors and assigns, acting in their capacity as such for Universal, hereby knowingly, voluntarily, irrevocably and forever releases and fully discharges Dior and its past, present or future officers, directors, stockholders, agents, partners, customers, suppliers, legal representatives, trustees, associates, affiliates, subsidiaries, parent companies or corporations, partners, attorneys, heirs, executors, administrators, predecessors, successors and assigns (collectively, the "Dior Releasees") from any and all liabilities, claims, causes of action, charges, grievances, obligations, rights, demands, debts, damages, costs, losses or liabilities, known or unknown, asserted or which could have been asserted in the Litigation, arising from or related to the facts, controversies and/or issues in the Litigation. The Release set forth herein shall not extend to or be construed as releasing the Dior Releasees, or any of them, from their responsibilities, representations, warranties, promises, obligations, covenants, and agreements under or arising out of this Agreement.

5. **Territory and Term**: The parties intend this to be a global settlement, and as such, this Agreement shall apply to the United States, including its possessions and territories, and throughout the rest of the world (the "Territory"). The Parties' rights, privileges and obligations arising under this Agreement shall be enjoyed and observed worldwide. This Agreement shall remain in force until such time as either Party's statutory and common law rights to their respective mark(s) terminate in the Territory by operation of law or otherwise.

6. **Reservation of Rights**: The Parties reserve all rights not expressly addressed by this Agreement.

7. **Binding Nature**: This Agreement is binding on and inures to the benefit of the Parties, their lawful successors, assigns, licensees, affiliates and all others acting by or through them or with or under their direction or in privity with them.

8. **Authority**: Each Party represents and warrants that it has full authority to enter into this Agreement. Each Party knowingly enters into this Agreement, has the legal capacity to enter into this Agreement and to carry out all obligations and requirements herein, and consulted or had the opportunity to consult with counsel to approve the form and content of this Agreement. Each Party represents and warrants to the other Party that no other person, firm or company needs to be a Party to this Agreement to resolve the Litigation and Opposition with prejudice and on the merits, and that the joinder of a person not a Party to this Agreement is unnecessary to achieve the full and complete settlement contemplated by this Agreement. Each Party represents and warrants that there has been no assignment or other transfer of any interest in any claim asserted in the Litigation and/or Opposition.

9. **Entire Agreement**: This Agreement constitutes the entire understanding between the Parties with respect to the subject matter hereof and supersedes all other understandings and

agreements between them, whether written or oral.  Neither Party shall be deemed the drafter of the Agreement.

10. **No Oral or Implied Modification or Waiver**:  This Agreement may not be changed, modified, extended, terminated or discharged except in a writing signed by both Parties.  No Party shall be deemed to have waived any of its rights hereunder except in a writing signed by both Parties and specifically referring to this Agreement and the right that is being waived.

11. **Notices**:  All communications required or permitted to be made under this Agreement must be in writing and either delivered personally or sent by overnight delivery via FedEx, United Parcel Service, or other reliable overnight carrier to the addresses set forth below, or to such other address or addresses as either Party may notify the other in writing pursuant to this Section.  Any such communication shall be deemed to be properly given if delivered personally or by overnight carrier to each of the addresses specified below.

**To Universal Handicraft, addressed to:**

1005 Park Centre Blvd.
Miami, FL 33169

With a copy addressed to:

Jeffrey D. Feldman, Esq.; and Samuel A. Lewis, Esq.
Feldman Gale, P.A.
2 S. Biscayne Blvd.
Miami, FL 33131

**To Parfums Christian Dior, S.A., addressed to:**

Legal Department
33 Avenue Hoche
75 008 Paris
France

With a copy addressed to:

Laura Popp-Rosenberg, Esq.
Fross Zelnick Lehrman & Zissu, P.C.
866 United Nations Plaza
New York, NY 10017

12. **Costs and Attorney's Fees**:   Each Party shall bear all of its own costs and expenses, including, without limitation, attorneys' fees and costs incurred in connection with the Litigation, Opposition, and with the negotiation and performance of this Agreement.  In the event either Party seeks relief from the Court to enforce the Agreement, the prevailing Party in such enforcement proceeding shall be entitled to recover, in addition to all other remedies, all reasonable costs and expenses, including its reasonable attorneys' fees and costs, incurred in connection with such a proceeding.

13. **No Admission of Liability**:   It is understood and agreed that this Agreement, any consideration given or accepted in connection with it, and the covenants made in it are all made, given and accepted in settlement and compromise of disputed claims and are not an admission of liability or wrongdoing by any Party.

14. **No Waiver**:  No delay or omission to exercise any right, power, or remedy accruing to any Party, upon any breach or default under this Agreement, shall impair any such right, power, or remedy of such Party or be construed to be a waiver of any such breach or default, or an acquiescence therein, or of or in any similar breach or default thereafter occurring; nor shall any waiver of any single breach or default be deemed a waiver of any other breach or default theretofore or thereafter occurring.  All of a Party's remedies including without limitation recovery of attorneys' fees and costs, either under this Agreement, or by law or otherwise afforded to such Party, shall be cumulative and not alternative.

15. **Relationship of the Parties**:  This Agreement does not constitute either Party as, and neither Party shall represent itself as, the agent of the other, or create a partnership or joint venture between the Parties, and, except as specifically set forth herein, neither Party shall have the power to obligate or bind the other in any manner whatsoever.

16. **Headings:**  The headings to the various paragraphs of this Agreement have been inserted for convenient reference only and shall not be construed as modifying, amending or affecting in any way the expressed terms and provisions hereof.

17. **Counterparts**:  This Agreement may be signed in counterparts, each of which shall be deemed to be an original but all of which shall together constitute one and the same instrument.

18. **Governing Law; Subsequent Proceedings; Limitations:**  This Agreement has been executed and delivered in, and shall be construed, interpreted and enforced under the laws of the State of Florida (without regard to its principles regarding conflicts of laws).  Since the Parties will be requesting that the Court retain jurisdiction for purposes of enforcing this Agreement, the exclusive venue for all disputes arising from this Agreement (including without limitation the interpretation of its provisions) and for all disputes relating to a Party's performance of obligations arising under this Agreement (including without limitation the alleged failure of same), shall be the Court.  However, nothing herein shall preclude a Party from pursuing a separate action in any other appropriate jurisdiction or venue for matters not expressly covered by this Agreement.

**IN WITNESS WHEREOF**, the Parties have executed this Agreement on the dates indicated below:

Dated: Miami, Florida

_Sept 24_____, 2013

PARFUMS CHRISTIAN DIOR, S.A.

By: _____

Name: _FREDIANI, RICCARDO_

Title: _GENERAL COUNSEL_

Dated: Miami, Florida

_Sep 24_____, 2013

UNIVERSAL HANDICRAFT, INC.

By: _____

Name: _SHAY SARAH SEGEV_

Title: _President_

The undersigned appeared as counsel of record for the Parties at mediation:

By: _____
Laura Popp-Rosenberg
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
866 United Nations Plaza
New York, New York 10017
Telephone: 212-813-5900
Telefax: 212-813-5901

**Counsel for Dior**

By: _____
Jeffrey D. Feldman
FELDMAN GALE, P.A.
One Biscayne Tower, 30th Floor
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: 305-358-5001
Telefax: 305-358-5509

**Counsel for Universal**

8

## EXHIBIT A

ADDICT TO LIFE
AMBRE NUIT
BOIS D'ARGENT
CD
CHRISTIAN DIOR
COLOGNE ROYALE CHRISTIAN DIOR PARIS
D BY DIOR
DIOR
DIOR ADDICT
DIOR HOMME
DIORELLA
DIORESSENCE
DIORISSIMO
DOLCE VITA
DUNE
EAU DELICE
EAU FORTE
EAU NOIRE
EAU SAVAGE
ESCALE A PARATI
ESCALA A PONDICHERY
ESCALE A PORTOFINO
ESCALE AU KERALA
ESCALE AUX MARQUISES
FAHRENHEIT
GRANVILLE
HYPNOTIC
HYPNOTIC POISON
J'ADORE L'ABSOLU
J'ADORE L'OR
JULES
LEATHER OUD
LES RHUMBS
MIDNIGHT POISON
MILLY-LA-FORET
MISS DIOR
MISS DIOR CHERIE
MITZAH
POISON
PURE POISON
VOILE DE PARFUM





**EXHIBIT B**











14



**EXHIBIT C**

15



91












**EXHIBIT D**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-CV-20872-LENARD/O'SULLIVAN

UNIVERSAL HANDICRAFT, INC.,

      Plaintiff/Counter-Defendant,

vs.

PARFUMS CHRISTIAN DIOR, S.A.,

      Defendant/Counter-Plaintiff.

_____/

**STIPULATION OF DISMISSAL WITH PREJUDICE AND ON THE MERITS**

      Plaintiff/Counter-Defendant, Universal Handicraft, Inc. ("Universal"), and Defendant/Counter-Plaintiff, Parfums Christian Dior, S.A. ("Dior"), respectfully request that this Court dismiss this action with prejudice, and that this Court retain jurisdiction to enforce the Parties' Mediated Settlement Agreement. In support thereof, the Parties respectfully show the Court as follows:

      1.     On September 24, 2013, the Parties mediated their dispute, and reached a Mediated Settlement Agreement (the "Settlement Agreement") whereby they have resolved their respective claims asserted in this action.

      2.     The Parties each stipulate to the dismissal of this entire action with prejudice on the express condition that their stipulation shall be effective only upon this Court's entry of an order whereby it expressly retains jurisdiction over this action and the Parties for the sole purpose of enforcing the terms of the Settlement Agreement.



WHEREFORE, the Parties jointly and respectfully request that this Court: (a) dismiss this action with prejudice; and (b) issue an Order expressly retaining jurisdiction to enforce the Settlement Agreement. A proposed Order is attached for the Court's convenience.

Dated: _____.

Respectfully submitted,

By:_____

    Harry R. Schafer / Fla. Bar No.
    E-mail: hrs@knpa.com
    Ryan C. Zagare / Fla. Bar No.
    E-mail: rzagare@knpa.com
    KENNY NACHWALTER, P.A.
    1100 Miami Center
    201 South Biscayne Boulevard
    Miami, Florida 33131
    Telephone: 305-373-1000
    Telefax: 305-372-1861

       and

    Laura Popp-Rosenberg / Adm. *Pro Hac Vice*
    E-mail: lpopp-rosenberg@fzlz.com
    FROSS ZELNICK LEHRMAN & ZISSU, P.C.
    866 United Nations Plaza
    New York, New York 10017
    Telephone: 212-813-5900
    Telefax: 212-813-5901

    **Counsel for Dior**

By:_____

    Samuel A. Lewis / Fla. Bar No. 55360
    E-Mail: SLewis@FeldmanGale.com
    FELDMAN GALE, P.A.
    Counsel for Dr. Li
    One Biscayne Tower, 30th Floor
    2 South Biscayne Boulevard
    Miami, Florida 33131
    Telephone: 305-358-5001
    Telefax: 305-358-3309

    **Counsel for Universal**



## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on _____, 2013, the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner.

s/

_____

## SERVICE LIST

*Universal Handicraft, Inc. v. Parfums Christian Dior, S.A.*
Case No. 13-CV-20872-LENARD/O'SULLIVAN

Harry R. Schafer, Esq.
E-mail: hrs@knpa.com
Ryan C. Zagare, Esq.
E-mail: rzagare@knpa.com
KENNY NACHWALTER, P.A.
1100 Miami Center
201 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 373-1000
Facsimile: (305) 372-1861

Laura Popp-Rosenberg, Esq.
E-mail: lpopp-rosenberg@fzlz.com
FROSS ZELNICK LEHRMAN &
    ZISSU, P.C.
866 United Nations Plaza
New York, New York 10017
Telephone: (212) 813-5900
Facsimile: (212) 813-5901

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  13-CV-20872-LENARD/O'SULLIVAN

UNIVERSAL HANDICRAFT, INC.,

       Plaintiff/Counter-Defendant,

vs.

PARFUMS CHRISTIAN DIOR, S.A.,

       Defendant/Counter-Plaintiff.

_____/

## ORDER OF DISMISSAL WITH PREJUDICE AND RETENTION OF JURISDICTION

THIS CAUSE is before the Court upon the Parties' Stipulation of Dismissal with Prejudice and on the Merits [DE#____]. The Court, having reviewed the stipulation and being otherwise fully advised in the premises, hereby

ORDERS AND ADJUDGES as follows:

1.     This action is DISMISSED WITH PREJUDICE;

2.     This Court expressly retains jurisdiction over this action and the parties for the sole purpose of enforcing the Settlement Agreement.

DONE AND ORDERED in chambers in Miami, Florida this ___ day of September, 2013.

                                 _____
                                 The Honorable Judge Joan Lenard
                                 United States District Judge

Copies to:
All counsel of record

## EXHIBIT E

### IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
### BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

```
-----------------------------------------------------------------x
PARFUMS CHRISTIAN DIOR, S.A.,                  :
                                               :
              Opposer,                         :
                                               :      Opposition No. 91210372
       - against -                             :
                                               :
UNIVERSAL HANDICRAFT, INC.,                    :
                                               :
              Applicant.                       :
-----------------------------------------------------------------x
```

### CONDITIONAL NOTICE OF WITHDRAWAL

Opposer hereby withdraws this opposition proceeding with the consent of Applicant

conditioned upon the Trademark Trial and Appeal Board's approval of the amendment to the

specification of goods requested in Applicant's Motion to Amend Without Consent Pursuant to

C.F.R. § 2.133(A), filed May 29, 2013.


Dated: New York, New York
       September 24 , 2013

Respectfully submitted,

FROSS ZELNICK LEHRMAN & ZISSU, P.C.


By: _____
      Laura Popp-Rosenberg
866 United Nations Plaza
New York, New York 10017
Tel: (212) 813-5900
Email: lpopp-rosenberg@frosszelnick.com

*Attorneys for Opposer Parfums Christian Dior, S.A.*

**CONSENTED TO** on _____, 2013:

FELDMAN GALE, P.A.


By:_____
     Jeffrey D. Feldman
     Samuel A. Lewis
2 S. Biscayne Blvd.
Miami, FL  33131
Tel:  (305) 358-3309
Email: jfeldman@feldmangale.com
       slewis@feldmangale.com

*Attorneys for Applicant Universal Handicraft, Inc.*



## **CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing NOTICE OF WITHDRAWAL to be sent by First Class mail, postage prepaid, on this ___ day of _____, 2013 to applicant's attorney, Samuel A. Lewis, Esq., Feldman Gale, P.A., 2 S. Biscayne Boulevard, Miami, FL, 33131-4332.

_____
Laura Popp-Rosenberg

